IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| CODY LADELL BLUE, | § § | |
| Movant, | § § | |
| V. | § § | NO. 4:20-CV-023-O |
| | § | (NO. 4:17-CR-142-O) |
| UNITED STATES OF AMERICA, | § § | |
| Respondent. | § § | |

**OPINION AND ORDER**

Came on for consideration the motion of Cody Ladell Blue, movant, under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence by a person in federal custody. The Court, having considered the motion, the government's response, the reply, the record, including the record in the underlying criminal case, No. 4:17-CR-142-O, and applicable authorities, finds that the motion should be denied.

**I. BACKGROUND**

The record in the underlying criminal case reflects the following:

On August 30, 2017, movant was named in a one-count indictment charging him with conspiracy to possess with intent to distribute 50 grams or more of a mixture and substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. § 846. CR Doc.[1] 17. On September 1, 2017, movant entered a plea of not guilty. CR Doc. 26. Movant and his counsel signed a factual resume, CR Doc. 29, and a plea agreement. CR Doc. 30. Movant was scheduled to enter a plea of guilty on September 20, 2017. CR Doc. 31. On that date, movant

---

[1] The "CR Doc. __" reference is to the number of the item on the docket in the underlying criminal case, No. 4:17-CR-142-O.

appeared and requested the appointment of another attorney, which request was granted. CR Doc. 33; CR Doc. 32.

On September 26, 2017, movant was named in a one-count superseding indictment charging him with conspiracy to possess with intent to distribute 500 grams or more of a mixture and substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. § 846. CR Doc. 40. Movant entered a plea of not guilty. CR Doc. 43. Thereafter, on October 6, 2017, movant was named in a one-count superseding information charging him with possession with conspiracy to possess with intent to distribute more than 50 grams of a mixture and substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. § 846. CR Doc. 44. He and his counsel signed a factual resume setting forth the penalties movant faced, the elements of the offense, and the stipulated facts establishing that movant had committed the offense charged by the superseding information. CR Doc. 47. They also signed a waiver of indictment, CR Doc. 45, a notice of consent to administration of guilty plea and allocution by United States Magistrate Judge, CR Doc. 49, and a plea agreement. CR Doc. 48. Like the factual resume, the plea agreement set forth the penalties movant faced. *Id.* at 2. It also explained the Court's sentencing discretion, notably that no one could predict the outcome of the Court's consideration of the guidelines. *Id.* And, it contained an agreement that the sentence would not exceed 240 months' imprisonment.[2] *Id.* at 2–3. The government agreed not to bring any additional charges against movant and to dismiss any remaining charges once movant had been sentenced. *Id.* at 3. Under the heading "Voluntary Plea," movant admitted:

> This plea of guilty is freely and voluntarily made and is not the result of force or threats, or of promises apart from those set forth in this plea agreement. There have

---

[2] This provision would have made no sense if, as movant contends, he was not to receive a sentence over 60 months' imprisonment.

2

>been no guarantees or promises from anyone as to what sentence the Court will impose.

*Id.* at 4. The plea agreement further recited that movant was fully satisfied with his counsel and had concluded that it was in his best interest to enter into the agreement rather than to proceed to trial. *Id.* at 4–5.

At the rearraignment hearing on October 6, 2017, movant testified under oath that: He understood that he should never depend or rely upon any promise or statement by anyone as to what penalty would be assessed against him and that his plea must not be induced or prompted by any promises, pressure, threats, force, or coercion of any kind; he had discussed with his attorney the charges against him, the matter of sentencing, and how the sentencing guidelines might apply in his case; the Court would not be bound by the stipulated facts and could take into account other facts; the guideline range could not be determined until the presentence report ("PSR") had been completed; he committed the essential elements as set out in the factual resume; he was fully satisfied with the representation and advice he received from his attorney; he had read and understood the plea agreement and entered into it voluntarily and of his own free will; no one had made any promise or assurance of any kind to him in an effort to induce him to enter a plea of guilty; no one had mentally, physically, or in any other way attempted to force him to plead guilty; he understood that his punishment would be not less than 5 years' or more than 40 years' imprisonment and that if the sentence he received was more severe than expected, he would still be bound by his plea and would not be able to withdraw it; and, all of the facts stated in his factual resume (with handwritten interlineations) were true and correct. CR Doc. 77. Movant asked questions during the hearing and the magistrate judge explained, among other things, that the agreement to cap the sentence at 240 months would not affect the guideline calculations and that

3

the Court could disregard the stipulated facts and take into consideration other facts in determining the sentence. Movant testified that he understood "it can go in my favor or against me." *Id.* at 7–9. The magistrate judge found that the plea was knowing and voluntary. *Id.* at 25. He signed a report of action and recommendation finding that movant's plea was knowing and voluntary and recommending that it be accepted. CR Doc. 50. No objections were filed and the Court accepted the guilty plea. CR Doc. 53.

The probation officer prepared the PSR, which reflected that movant's base offense level was 30. CR Doc. 54, ¶ 29. He received a two-level adjustment for possession of a firearm, *id.* ¶ 30, and a two-level adjustment for importation. *Id.* ¶ 31. He received a two-level and a one-level decrease for acceptance of responsibility. *Id.* ¶¶ 37, 38. Based on a total offense level of 31 and a criminal history category of VI, movant's guideline imprisonment range was 188 to 235 months. *Id.* ¶ 108. The PSR noted that movant benefitted from the plea agreement, because the minimum sentence under the superseding indictment would have been ten years and the maximum would have been life (instead of 5 to 40 years). *Id.* ¶ 108 (misnumbered as a second paragraph 108). Movant filed objections, CR Doc. 56, and the probation officer filed an addendum to the PSR rejecting the objections. CR Doc. 58.

On December 22, 2017, the Court received a letter from movant complaining that his counsel had not done as he had promised. In particular, movant said he had no problem accepting punishment for things he had done but that he had not done the things stated in the PSR. CR Doc. 60. The Court ordered counsel to meet with movant and file a report regarding the meeting. CR Doc. 61. Counsel filed a lengthy report. CR Doc. 62. The Court did not find that any further action was necessary.

On January 16, 2018, the Court held the sentencing hearing. CR Doc. 67. Counsel pressed objections as to the drug quantity attributed to movant. The Court heard testimony and sustained the objection as to one drug amount and overruled the other objections. CR Doc. 73 at 11. The Court accepted the plea agreement. *Id.* at 12. In his allocution, movant admitted to being a drug addict, explaining that he was able to make a lot of money as a lineman working out of state, but he would get back into drugs whenever he came home. He pointed out that those who had given evidence against him only said they delivered drugs to him, not that he sold them any drugs. *Id.* at 15–16. The Court sentenced movant to a term of imprisonment of 188 months. CR Doc. 68. He appealed. CR Doc. 70. Counsel filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), and the Fifth Circuit allowed him to withdraw and dismissed the appeal.[3] *United States v. Blue*, 747 F. App'x 973 (5th Cir. 2019).

## II. GROUNDS OF THE MOTION

Movant asserts two grounds in support of his motion. He contends that his plea was not knowing, intelligent, and voluntary. Doc.[4] 1 at PageID[5] 4. In addition, he contends that he was denied effective assistance of counsel because his attorney refused to file a motion to withdraw movant's plea. *Id.* at PageID 5. Movant filed a memorandum in support of his motion. Doc. 2. He also filed a motion to expand the record, which has attached to it his declaration in support of the motion. Doc. 3. The Court is considering the declaration as part of the record.

---

[3] The opinion noted that movant had filed a motion for appointment of new counsel in response to the motion to withdraw, but that the appellate court agreed with counsel's assessment that the appeal did not present any nonfrivolous issue for appellate review. *United States v. Blue*, 747 F. App'x 973 (5th Cir. 2019).
[4] The "Doc. __" reference is to the number of the item on the docket in this civil action.
[5] The "PageID __" reference is to the page number assigned by the Court's electronic filing system and is used because the typewritten page numbers on the form used by movant are not the actual page numbers of the document.

### III.  APPLICABLE LEGAL STANDARDS

#### A.  28 U.S.C. § 2255

After conviction and exhaustion, or waiver, of any right to appeal, courts are entitled to presume that a defendant stands fairly and finally convicted. *United States v. Frady*, 456 U.S. 152, 164-165 (1982); *United States v. Shaid*, 937 F.2d 228, 231-32 (5th Cir. 1991). A defendant can challenge his conviction or sentence after it is presumed final on issues of constitutional or jurisdictional magnitude only, and may not raise an issue for the first time on collateral review without showing both "cause" for his procedural default and "actual prejudice" resulting from the errors. *Shaid*, 937 F.2d at 232.

Section 2255 does not offer recourse to all who suffer trial errors. It is reserved for transgressions of constitutional rights and other narrow injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. *United States v. Capua,* 656 F.2d 1033, 1037 (5th Cir. Unit A Sept. 1981). In other words, a writ of habeas corpus will not be allowed to do service for an appeal. *Davis v. United States*, 417 U.S. 333, 345 (1974); *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996). Further, if issues "are raised and considered on direct appeal, a defendant is thereafter precluded from urging the same issues in a later collateral attack." *Moore v. United States*, 598 F.2d 439, 441 (5th Cir. 1979) (citing *Buckelew v. United States*, 575 F.2d 515, 517-18 (5th Cir. 1978)).

#### B.  Ineffective Assistance of Counsel

To prevail on an ineffective assistance of counsel claim, movant must show that (1) counsel's performance fell below an objective standard of reasonableness and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings

would have been different. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *see also Missouri v. Frye*, 566 U.S. 133, 147 (2012). "[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." *Strickland*, 466 U.S. at 697; *see also United States v. Stewart*, 207 F.3d 750, 751 (5th Cir. 2000). "The likelihood of a different result must be substantial, not just conceivable," *Harrington v. Richter*, 562 U.S. 86, 112 (2011), and a movant must prove that counsel's errors "so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Cullen v. Pinholster*, 563 U.S. 170, 189 (2011) (quoting *Strickland*, 466 U.S. at 686). Judicial scrutiny of this type of claim must be highly deferential and the defendant must overcome a strong presumption that his counsel's conduct falls within the wide range of reasonable professional assistance. *Strickland*, 466 U.S. at 689. Simply making conclusory allegations of deficient performance and prejudice is not sufficient to meet the *Strickland* test. *Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000).

## IV. ANALYSIS

In support of his first ground, movant contends that his plea of guilty was not knowing, voluntary, and intelligent because of the gross misadvice of his counsel. Doc. 2 at 1–2, 7–10. In his declaration, movant says that his counsel "assured" him that if he accepted the stipulated facts section of the factual resume, he would be held responsible for that amount and "shouldn't receive a sentence of over 60 months' imprisonment." Doc. 3 at PageID 41. Further, he pleaded guilty because counsel "assured" him he would not be sentenced to over 60 months' imprisonment. *Id.* Even if true, what movant says does not vitiate his plea. A plea is not rendered involuntary because of an erroneous estimate by counsel of the length of sentence. *Daniel v. Cockrell*, 283 F.3d 697,

7

703 (5th Cir. 2002), *abrogated on other grounds*, *Glover v. United States*, 531 U.S. 198 (2005); *Beckham v. Wainwright*, 639 F.2d 262, 265 (5th Cir. 1981). A prediction, prognosis, or statement of probabilities does not constitute an actual promise. *Harmason v. Smith*, 888 F.2d 1527, 1532 (5th Cir. 1989).

Any contention that movant's plea was not knowing, intelligent, and voluntary is belied by the record. Movant testified under oath that he understood that he should never depend or rely upon any statement or promise as to what penalty would be assessed against him; that he understood his guideline range could not be determined until the PSR was prepared; and that the Court could take into account facts other than the stipulated facts and that movant would not have a right to withdraw his plea if his sentence was more severe than he anticipated. The magistrate judge specifically explained to movant that the Court was not bound by the stipulated facts and could take into account other facts not mentioned in the stipulations. Movant testified that he understood. CR Doc. 77. His solemn declarations in open court are entitled to a presumption of verity. *Blackledge v. Allison*, 431 U.S. 63, 74 (1977). Likewise, his factual resume and plea agreement. *United States v. Abreo*, 30 F.3d 29, 32 (5th Cir. 1994); *Hobbs v. Blackburn*, 752 F.2d 1079, 1081 (5th Cir. 1985). Both set forth the penalties to which movant was subject. CR Doc. 47; CR Doc. 48. The plea agreement specifically explained the Court's sentencing discretion and role of the guidelines. CR Doc. 48 at 2–3. That provision gave rise to movant's questions at rearraignment, which were answered to his satisfaction. CR Doc. 77 at 7–10. Further, the plea agreement recited that movant's plea was freely and voluntarily made and was not the result of any guarantees or promises from anyone as to what sentence the Court would impose. CR Doc. 48 at 4.

For a defendant who seeks habeas relief on the basis of alleged promises inconsistent with representations he made in open court when entering his plea of guilty to prevail, he must prove: "(1) the exact terms of the alleged promise, (2) exactly when, where, and by whom the promise was made, and (3) the precise identity of an eyewitness to the promise." *United States v. Cervantes*, 132 F.3d 1106, 1110 (5th Cir. 1998). To be entitled to an evidentiary hearing, the defendant must produce "independent indicia of the likely merit of [his] allegations, typically in the form of one or more affidavits from reliable third parties." *Id.* "If, however, the defendant's showing is inconsistent with the bulk of [his] conduct or otherwise fails to meet [his] burden of proof in the light of other evidence in the record, an evidentiary hearing is unnecessary." *Id. See also United States v. Fuller*, 769 F.2d 1095, 1099 (5th Cir. 1985). That is the case here.

Movant's guilty plea was knowing and voluntary and made with sufficient awareness of the relevant circumstances and likely consequences. *Bradshaw v. Stumpf*, 545 U.S. 175, 183 (2005). Other than his conclusory allegation to the contrary, he has made no attempt to show otherwise. And, he could not show prejudice, as there is no reason outside movant's *ipse dixit* to believe that he would have insisted on going to trial but for counsel's alleged representations. *Hill v. Lockhart*, 474 U.S. 52, 56 (1985). As movant admits, he clearly understood that he was pleading to an offense that carried a five year minimum rather than a ten year minimum as had been charged in the superseding indictment. Doc. 3 at PageID 40. And, as the government notes, even when movant was upset with counsel and wrote to the Court, he did not ask to withdraw his plea. Doc. 12 at 10; CR Doc. 60.

In support of his second ground, movant argues that counsel was ineffective for failing to file a motion to withdraw the guilty plea. Doc. 2 at 15–16. In his declaration, he says that after he

9

read his PSR and saw that it included relevant conduct with individuals he did not know and which allegedly occurred while he was in prison, he told counsel he wanted to pull his plea and go to trial. Counsel told him that he could not do so. Doc. 3 at PageID 42.

Counsel's advice was not erroneous. A defendant has no absolute right to withdraw a guilty plea prior to imposition of sentence. *United States v. Carr*, 740 F.2d 339, 344 (5th Cir. 1984). Rather, he must demonstrate "a fair and just reason" for withdrawing the plea. *United States v. McKnight*, 570 F.3d 641, 645–46 (5th Cir. 2009). In determining whether to allow withdrawal of a plea, the Court considers: (1) whether the defendant has asserted his innocence; (2) whether the government would suffer prejudice by the withdrawal; (3) whether the defendant delayed in filing his withdrawal motion; (4) whether the withdrawal would substantially inconvenience the Court; (5) whether close assistance of counsel was available at the time of the guilty plea; (6) whether the original plea was knowing and voluntary; and (7) whether the withdrawal would waste judicial resources. *Carr*, 740 F.2d at 343–44. Movant has not shown that those factors would have weighed in his favor,[6] much less that the Court would have granted his motion.

As there was no basis for concluding that movant's plea was involuntary, counsel cannot have been ineffective in failing to file a motion to have it withdrawn. *United States v. Tealer*, 51 F. App'x 928 (5th Cir. 2002)(citing *Koch v. Puckett*, 907 F.2d 524, 527 (5th Cir. 1990)).

## V. CONCLUSION

For the reasons discussed herein, the Court **GRANTS** movant's motion to expand the record and **DENIES** the relief sought in movant's motion under § 2255.

---

[6] Most importantly, movant has never asserted his innocence. Even in his letter to the Court complaining about his counsel movant does not say that counsel refused to file a motion to withdraw the plea. CR Doc. 60. Rather, he disputes relevant conduct. *Id.* The Court was entitled to rely on the PSR in making its findings. *United States v. Harris*, 702 F.3d 226, 230 (5th Cir. 2012). In addition, the Court heard testimony at the sentencing hearing. CR Doc. 73.

Further, pursuant to 28 U.S.C. § 2253(c), for the reasons discussed herein, a certificate of appealability is **DENIED**.

**SO ORDERED** on this 26th day of February, 2021.

                                                                                    _____
                                                                                     Reed O'Connor
                                                                        UNITED STATES DISTRICT JUDGE